**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO RODRIGUEZ,<br><br>      Plaintiff,<br><br>v.<br><br>MINORITY AUTO HANDLING SPECIALIST, INC., GILBERT VEGA, individually, and RICHARD KLEIN, individually,<br><br>      Defendants. | <br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AT LAW**

Plaintiff, Antonio Rodriguez, by and through his attorneys, Caffarelli & Associates, Ltd., for his Complaint at Law against Defendants Minority Auto Handling Specialist, Inc. ("the Company"), Gilbert Vega ("Vega"), and Richard Klein ("Klein") (collectively, "Defendants"), states as follows:

**NATURE OF ACTION**

1. This is a single-plaintiff action for damages and injunctive relief against Defendants for unlawful interference with Plaintiff's rights and retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 29 U.S.C. § 2617 (right to civil action by employees under the FMLA).

3. The unlawful employment practices described herein were committed within the State of Illinois, in the place of Mr. Rodriguez' employment in the Company's facility in Sauk

Village, Illinois. Accordingly, venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Mr. Rodriguez was employed by Defendants at the Sauk Village, Illinois facility as a Dispatcher and Return Supervisor from in or around May 2005 until his termination effective in or around May of 2015.

5. Plaintiff was an "eligible employee" under 29 U.S.C. § 2611(2)(A).

6. Defendant Company is a Michigan corporation registered with and doing business in the State of Illinois, engaged in an industry affecting commerce, with facilities in Sauk Village, Illinois.

7. Defendant Vega was employed as the General Manager of the Company at all times relevant to Plaintiff's Complaint. He was involved in the day-to-day business of the Company. Among other things, Vega had the authority to hire and fire employees and supervise the work of employees; make decisions regarding scheduling; and make or participate in decisions regarding compensation and discipline. Vega could initiate FMLA paperwork and grant leave, and he took part and/or was the final decision maker in the decision to terminate Plaintiff.

8. Defendant Klein is the Owner and CEO of the Company, and held that position at all times relevant to Plaintiff's Complaint. He was involved in the day-to-day business of the Company. Among other things, Klein had the ultimate authority to hire and fire employees and supervise the work of employees; make decisions regarding scheduling; and make or participate in decisions regarding compensation and discipline. Klein had the authority to make the ultimate

determination regarding the circumstances of Plaintiff's FMLA leave and employment, and took part and/or was the final decision maker in the decision to terminate Plaintiff

9.  At all times relevant, Defendants were "employers" of the Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A).

## FACTUAL ALLEGATIONS

10.  Plaintiff began working for Defendants in or around May 2005. Throughout his employment, Mr. Rodriguez performed his job satisfactorily.

11.  In the year prior to June 4, 2014, Plaintiff worked for the Company on a full-time basis, and had worked more than 1,250 hours.

12.  The Company employs more than 50 employees within a 75-mile radius of Plaintiff's workplace.

13.  On June 4, 2014, Plaintiff submitted his application and certification for FMLA leave due to his severe and debilitating gastroesophageal reflux disease (GERD).

14.  Plaintiff's GERD is a serious medication condition that routinely caused Plaintiff great pain and discomfort, and prevented him from resting or being able to perform certain routine daily functions.

15.  Having not received a response from the Company regarding his June 4 FMLA application, on or around July 25, 2014 Plaintiff referenced the FMLA paperwork that he had previously provided, and informed Vega and the Company that he would not be able to make it in to work because he was not feeling well.

16.  In response to Plaintiff's request for time off related to his FMLA application, Plaintiff's manager, Defendant Gilbert Vega, sent Plaintiff an email on July 25 stating in

pertinent part: "I will need a doctors note stating todays absence is in relation to your heartburn. It is ridiculous you feel that FmLA can excuse todays absence. I cannot allow you FMLa absences anytime you feel like taking a day off. Consider this you final warning and that your job is in danger."

17. On July 29, 2014, the Company approved Plaintiff's certification for intermittent FMLA leave, and informed Plaintiff that Plaintiff would be required to provide updates from his healthcare provider every thirty (30) days beginning on August 29, 2014.

18. Plaintiff submitted follow-up information from his healthcare provider, and also submitted additional FMLA certifications on or around August 23, 2014 and February 27, 2015.

19. For the duration of Plaintiff's employment following July 29, 2014, he had in effect an active and approved FMLA certification for intermittent leave at all times.

20. Subsequent to June 4, 2014, the Company stopped paying Plaintiff a minimum guarantee for working on Saturdays. When Plaintiff questioned Human Resources regarding this change in compensation, HR told him that Vega had instructed them not to pay Plaintiff the minimum guarantee, since his ability to take unpaid FMLA time evidenced that Plaintiff did not need his income.

21. On several occasions between June 4, 2014 and Plaintiff's termination in April 2015, Plaintiff complained to Vega and the Company regarding invasive, harassing, intimidating or otherwise inappropriate remarks made about and to him regarding his use of FMLA leave. These complaints include but are not limited to:

> A. On September 10, 2014, Plaintiff complained to Vega that an employee had made a comment to him regarding his eating habits, stating "you need to not be eating those because I don't want to deal with the FMLA paperwork when you call off this Friday just because you're eating too many pretzels."

4

    B. On October 15, 2014, Plaintiff complained to Vega that an employee had made comments in front of co-workers that Plaintiff used his FMLA as an excuse to not work, and said that just because Plaintiff had heart[burn] it didn't give him the right to take time off. Plaintiff further explained that this employee had spoken to Vega regarding Plaintiff's "bullshit FMLA filing."

    C. On November 21, 2014, Plaintiff complained to Vega that an employee had responded to his statement that he might not make it in to work on Friday by saying "yeah yeah, Vega told me that you'll be abusing FMLA time for your stupid heartburn."

    D. On March 12, 2015, Plaintiff complained to Vega, stating that an employee had informed him that Vega told him and several others that Vega would find any possible way to terminate Plaintiff's employment because Plaintiff feels he can call off whenever he likes because he has FMLA.

22. The Defendants did not investigate or substantively address any of Plaintiff's complaints regarding harassment, intimidation, or privacy violations concerning his application for and use of FMLA leave.

23. On March 26, 2015, Plaintiff e-mailed Vega to follow up with him about an FMLA certification that he had provided to the Company on February 27, 2015.

24. In response to Plaintiff's inquiry, Vega responded on March 26 as follows: "With all respect, we need you to try to make sure you come to work even if you are dealing with a little bit of heartburn. Just make sure you come to work, or you will have other problems to deal with besides getting your paperwork back."

25. Plaintiff responded to Vega's March 26 correspondence, and complained to Vega regarding how Vega and the Company continually failed to respond to him when he submitted FMLA certification paperwork. He also raised privacy concerns regarding other employees knowing about his FMLA filings.

5

26. The Defendants failed to substantively address Plaintiff's concerns regarding the promptness of their responses to his certification paperwork or other privacy concerns regarding his FMLA application and leave.

27. On April 17, 2015, Plaintiff was the subject of a driver complaint. Specifically, a driver named Bart Hayes complained that Plaintiff had addressed him over dispatch in an unprofessional and degrading manner by screaming and talking down to him.

28. Plaintiff denies that he engaged in the behavior of which Hayes accused him.

29. In the ten years of Plaintiff's employment with the Company, it had never before been brought to his attention that there were any other complaints against him.

30. Defendants suspended Plaintiff's employment on April 20, pending an investigation of Hayes' complaint.

31. On April 20, citing the disproportionate severity of Vega's disciplinary action in relation to the unsubstantiated accusations against him, Plaintiff submitted a formal complaint to Defendant's Owner and CEO Richard Klein, outlining Vega's treatment of him and specifically charging that Vega was retaliating against him in violation of the FMLA.

32. On April 28, in a written appeal of his suspension to Klein, Plaintiff addressed the allegations against him and again referred to his belief that Vega had taken such a severe disciplinary action against him due to his exercise of rights under the FMLA.

33. The Defendants never investigated or addressed Plaintiff's concerns regarding Vega's retaliatory behavior.

34. On May 6, Defendants terminated Plaintiff.

35. Plaintiff had not exceeded twelve weeks of FMLA leave as of May 6, 2015.

## COUNT I – FMLA INTERFERENCE

36. Plaintiff restates and incorporates Paragraphs 1 through 35 as though fully set forth herein.

37. The matters set forth in this Count arise from Defendants' violation of the FMLA, 29 U.S.C. § 2601, *et seq*.

38. Defendants' actions, as set forth in the factual allegations described in paragraphs 10-35 above, constitute interference with Plaintiff's right to leave under the FMLA.

39. Defendants interfered with Plaintiff's rights by failing to timely respond to Plaintiff's requests for approval of his FMLA certifications.

40. Defendants interfered with Plaintiff's rights by discouraging Plaintiff from taking leave pursuant to the FMLA.

41. Defendants interfered with Plaintiff's rights by failing to investigate or substantively respond to Plaintiff's complaints related to the FMLA.

42. Defendants denied Plaintiff's rights under the FMLA by terminating him.

43. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of benefits, and has suffered and continues to suffer from lack of employment, costs, fees, expenses, and damage to his reputation.

WHEREFORE, Plaintiff Antonio Rodriguez respectfully requests that this Court enter an order as follows:

> A. Declaring that the acts and practices by Defendants, as described herein, constitute a violation of the FMLA;
>
> B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Plaintiff back wages and lost benefits due to Defendants' violation of the FMLA;

D. Awarding Plaintiff front pay;

E. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding Plaintiff injunctive relief;

G. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II – FMLA RETALIATION

44. Plaintiff restates and incorporates Paragraphs 1 through 35 as though fully set forth herein.

45. The matters set forth in this Count arise from Defendants' violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

46. The Defendants' actions, as set forth in the factual allegations described in paragraphs 10-35 above, constitute retaliation against Plaintiff in violation of the FMLA.

47. Defendants retaliated against Plaintiff by willfully refusing to pay Plaintiff the previously guaranteed minimum for working on Saturdays.

48. Defendants retaliated against Plaintiff by facilitating a harassing and unsupportive environment based on Plaintiff's request for, need for, and use of FMLA leave.

49. Defendants retaliated against Plaintiff by failing to investigate or substantively respond to his complaints related to the FMLA.

50. Defendants retaliated against Plaintiff by terminating his employment, in violation of the FMLA.

51. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of income, loss of benefits, and has suffered and continues to suffer from lack of employment, costs, fees, expenses, and damage to his reputation.

WHEREFORE, Plaintiff Antonio Rodriguez respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendants, as described herein, constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Plaintiff back wages and lost benefits due to Defendants' violation of the FMLA;

D. Awarding Plaintiff front pay;

E. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding Plaintiff injunctive relief;

G. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

**Plaintiff hereby requests a jury on all issues so triable.**

Dated: September 22, 2015

Alejandro Caffarelli, #06239078
Lorrie Peeters, #06290434
Alexis D. Martin, #06309619
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
ANTONIO RODRIGUEZ

By: /s/ Alejandro Caffarelli
    Attorney for Plaintiff